IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOHN DANIEL BLUE, : | |
|     Plaintiff, : | |
| v. : | CIVIL ACTION NO. |
| : | 1:15-CV-01834-RWS |
| MARIA DEGUADALUPE : | |
| LOPEZ (in her individual : | |
| capacity), : | |
|     Defendant. : | |

**ORDER**

This case comes before the Court on Defendant Maria Deguadalupe Lopez's Partial Motion to Dismiss [15]. After reviewing the record, the Court enters the following order.

**Background**

This case arises out of the arrest, prosecution, and incarceration of Plaintiff John Daniel Blue following his alleged assault on Defendant Maria Deguadalupe Lopez. On June 12, 2014, Plaintiff arrived at his home to find Defendant speaking to his two children's mother, who Plaintiff described as a drug addict. (Am. Compl., Dkt. [11] ¶¶ 10, 13.) Plaintiff was unaware that

AO 72A
(Rev.8/82)

Defendant was a Division of Family and Children's Services ("DFCS") representative and instead, because she was disheveled and "appeared to be on drugs," believed she was a drug addict. (Id. ¶¶ 11, 13.) Plaintiff collected his two children and walked them to his van. (Id. ¶ 16.) When he attempted to leave, Defendant allegedly drove her car into the back of his van. (Id. ¶¶ 16-18.)

After deciding that there were no injuries, Plaintiff maneuvered his van around Defendant's car and drove his children to a sports bar at which he had a contract to do renovations. (Id. ¶¶22, 24.) While at the bar, Plaintiff saw an Amber Alert bulletin announcing that he had abducted his children. (Id. ¶ 25.) He decided to take the children to his parents and turn himself in to the Norcross Police Department. ( Id. ¶ 26.)

The Norcross police contacted the Duluth Police Department, which had obtained arrest warrants for Plaintiff charging him with interference with custody, aggravated assault with a deadly weapon, and reckless conduct. (Id. ¶¶ 27-28.) Plaintiff alleges that Defendant initiated the charges by providing misinformation to the police. (Id. ¶ 30.) The district attorney's office did not prosecute the interference with custody or reckless conduct charges, but did

obtain an indictment against Plaintiff for aggravated assault.  (Id. ¶ 35.)  Plaintiff was in jail for seven months awaiting trial and a jury returned a verdict of not guilty on January 14, 2015.  (Id. ¶¶ 36, 38.)  In the meantime, DFCS filed an Amended Petition for Dependency, conducted hearings, and directed that the children remain in foster care.  (Def.'s Br. in Supp. of her Part. Mot. to Dismiss, Dkt. [15-1] at 5.)

Plaintiff brings this action under 42 U.S.C. § 1983 alleging three separate claims: (1) that Defendant caused Plaintiff to be arrested in violation of the Fourth Amendment of the United States Constitution, (Am. Compl., Dkt. [11] ¶¶ 39-41), (2) that Defendant caused Plaintiff to be maliciously prosecuted for aggravated assault in violation of the Fourth Amendment of the United States Constitution, (Id. ¶¶ 42-48), and (3) that Defendant deprived Plaintiff of his right to familial association in violation of the Fourteenth Amendment of the United States Constitution.  (Id. ¶¶ 49-53A.)  Plaintiff seeks monetary damages from Defendant in an amount to be determined by a jury for the deprivation of his liberty and the companionship of his children, mental suffering, emotional distress, loss of earnings, and other economic and non-economic losses.  (Id. ¶ 55.)  Additionally, Plaintiff seeks to recover reasonable

3

attorney's fees, expenses of litigation, and punitive damages. (Id. ¶¶ 56-57.) Defendant has moved to dismiss the first and third claims in full, (Def.'s Br. in Supp. of her Part. Mot. to Dismiss, Dkt. [15-1] at 8-12, 13-25), and has moved to dismiss the second claim to the extent malicious prosecution is premised on the interference with custody charge. (Id. at 12-13.)[1]

## Discussion

### I.   Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While this pleading standard does not require "detailed factual allegations," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id.

---

[1] Defendant filed a Motion to Dismiss [7] the original Complaint [1]. In response, Plaintiff filed the First Amended Complaint [11]. As the Amended Complaint supersedes the original Complaint, the Motion to Dismiss [7] is **DENIED, as moot.**

4

(quoting Twombly, 550 U.S. at 570).  A complaint is plausible on its face when the plaintiff pleads factual content necessary for the court to draw the reasonable inference that the defendant is liable for the conduct alleged.  Id.

At the motion to dismiss stage, "all-well pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff."  Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999).  However, the same does not apply to legal conclusions set forth in the complaint.  Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Iqbal, 556 U.S. at 678).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Iqbal, 556 U.S. at 678.  Furthermore, the court does not "accept as true a legal conclusion couched as a factual allegation."  Twombly, 550 U.S. at 555.

"The district court generally must convert a motion to dismiss into a motion for summary judgment if it considers materials outside the complaint."  D.L. Day v. Taylor, 400 F.3d 1272, 1275-76 (11th Cir. 2005); see also FED. R. CIV. P. 12(d).  However, documents attached to a complaint are considered part of the complaint.  FED. R. CIV. P. 10(c).  Documents "need not be physically

5

attached to a pleading to be incorporated by reference into it; if the document's contents are alleged in a complaint and no party questions those contents, [the court] may consider such a document," provided it is central to the plaintiff's claim. D.L. Day, 400 F.3d at 1276. At the motion to dismiss phase, the Court may also consider "a document attached to a motion to dismiss . . . if the attached document is (1) central to the plaintiff's claim and (2) undisputed." Id. (citing Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002)). "'[U]ndisputed' means that the authenticity of the document is not challenged." Id.

**II.   Analysis**

Defendant moves to dismiss Plaintiff's claims for false arrest, malicious prosecution premised on interference with custody, and interference with intimate association. (Def.'s Part. Mot. to Dismiss, Dkt. [15] at 2.) The Court considers each in turn.

A.   False Arrest Claim

Plaintiff claims Defendant "caus[ed] and procur[ed] [his] arrest and detention . . . without arguable probable cause" and that this "constituted an unreasonable seizure of his person in violation of the Fourth Amendment."

6

(Am. Compl., Dkt. [11] ¶ 40.)  A Section 1983 cause of action for false arrest arises from "detention *without legal process*."  Wallace v. Kato, 549 U.S. 384, 389 (2007) (emphasis in original).  Thus, where an arrest is made pursuant to a warrant, a form of legal process, a cause of action for false arrest or false imprisonment based on the arrest will not lie.  Id. (finding the absence of a warrant amounts to the absence of legal process).  On the contrary, the tort of malicious prosecution is the exclusive remedy for a confinement pursuant to legal process.  Id. at 390; see also Washington v. St. Lawrence, No. CV412-062, 2012 WL 2792319, at *1 (S.D. Ga. June 19, 2012) ("The constitutional tort of false imprisonment (or false arrest) arises from 'detention without legal process.' . . . Because [the plaintiff] was arrested pursuant to legal process (i.e., an arrest warrant), he has not stated facts supporting a false imprisonment claim.  Instead, he appears to assert 'the entirely distinct' tort of malicious prosecution, which remedies detention arising from the *wrongful institution* of legal process.'") (quoting Wallace, 549 U.S. at 389-90) (citations omitted).  Even if a warrant is invalid, the appropriate and indeed only available remedy remains malicious prosecution.  Carter v. Gore, 557 F. App'x 904, 906 (11th Cir. 2014).  "The issuance of a warrant–even an invalid one []–

7

constitutes legal process, and thus, where an individual has been arrested pursuant to a warrant, his claim is for malicious prosecution rather than false arrest." Id.

Plaintiff's false arrest claim fails because the arrest was pursuant to a warrant. (Am. Compl., Dkt. [11] ¶ 27.) Plaintiff alleges that the warrant was obtained based on false information. (Id. ¶ 28.) But even an invalid warrant constitutes legal process. Carter, 557 F. App'x at 906. Thus, the appropriate claim is malicious prosecution rather than false arrest. Id. As to the false arrest claim, Defendant's Motion to Dismiss is **GRANTED**.

B.  Malicious Prosecution Claim

Plaintiff also asserts that Defendant "caused a felony criminal prosecution to be initiated against Plaintiff for aggravated assault" and that it "was carried on maliciously and without probable cause." (Am. Compl., Dkt. [11] ¶¶ 43, 47.) Defendant moves to dismiss "the malicious prosecution claim premised on the charge of interference with custody," (Def.'s Br. in Supp. of her Part. Mot. to Dismiss, Dkt. [15-1] at 12), and explicitly states that she "does not move for dismissal on the malicious prosecution claims premised on the charges of aggravated assault and reckless conduct ." (Id. at 13, n.6.) This

8

Court has carefully reviewed Plaintiff's First Amended Complaint [11] and has found no malicious prosecution claim premised on the charge of interference with custody.  The sole malicious prosecution charge in Plaintiff's Complaint is Count II, which premises the claim on aggravated assault.  (Id. ¶¶ 42-48.)  As to the malicious prosecution claim, Defendant's Motion to Dismiss is thus **DENIED**.

    C.    Familial Association Claim

Plaintiff alleges that Defendant falsely accused Plaintiff of "abducting his children and assaulting her with his vehicle."  (Am. Compl., Dkt. [11] ¶ 52.)  He claims that his Fourteenth Amendment right of association and companionship was violated when, because of his seven month incarceration, Plaintiff was deprived of his children's companionship.  (Id. ¶¶ 52-53A.)  In addressing this claim, the Court begins by considering whether it has subject matter jurisdiction to entertain that portion of Plaintiff's Complaint.  "A federal court must always dismiss a case upon determining that it lacks subject matter jurisdiction, regardless of the stage of the proceedings, and facts outside of the pleadings may be considered as part of that determination."  Goodman ex rel. Goodman v. Sipos, 259 F.3d 1327, 1331 n.6 (11th Cir. 2001).  Accordingly, the

9

Court first inquires into whether this cause of action is barred by the *Rooker-Feldman* doctrine and is due to be dismissed for lack of jurisdiction. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923).

The Court concludes that Plaintiff's familial association claim is barred by the *Rooker-Feldman* doctrine and is due to be dismissed for lack of subject matter jurisdiction.

The *Rooker-Feldman* doctrine provides that "lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments." Nicholson v. Shafe, 558 F.3d 1266, 1268 (11th Cir. 2009) (quoting Lance v. Dennis, 546 U.S. 459, 463 (2006)).  While the Supreme Court has clarified that the scope of the doctrine is narrow, it continues to apply with full force to "cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).

Plaintiff claims that he has a "fundamental right . . . to the care, custody,

10

and control of his minor children" which was violated by Defendant's interference with his right of association and companionship. (Am. Compl., Dkt. [11] ¶ 52A.) To succeed on this claim, Plaintiff would need to prove that he had a legal right to their custody. Thus, the state proceeding relevant to an inquiry into whether Plaintiff's claim is barred by the *Rooker-Feldman* doctrine is the Juvenile Court of Gwinnett custody action determining whether Plaintiff had legal custody of his children.

The Court begins by addressing whether Plaintiff's state court proceedings have ended for *Rooker-Feldman* purposes. The Eleventh Circuit in Nicholson adopted three tests articulated by the First Circuit. See Nicholson, 558 F.3d at 1275 (citing Federación de Maestros de P.R. v. Junta de Relaciones del Trabajo de P.R., 410 F.3d 17, 24-27 (1st Cir. 2005)). Cases in state court have ended:

> (1) when the highest state court in which review is available has affirmed the judgment below and nothing is left to be resolved, (2) if the state action has reached a point where neither party seeks further action, and (3) if the state court proceedings have finally resolved all the federal questions in the litigation, but state law or purely factual questions (whether great or small) remain to be litigated.

Nicholson, 558 F.3d at 1275 (internal quotations omitted). Neither the first nor

the third situations apply in this case.  The state court proceedings have, however, ended for *Rooker-Feldman* purposes because the second test has been satisfied.  The Eleventh Circuit adopted the First Circuit's explanation of the second scenario: "if a lower state court issues a judgment and the losing party allows the time for appeal to expire, then the state proceedings have ended." Id. (quoting Federación, 410 F.3d at 24).  A Juvenile Court deciding a custody action is a lower state court for the purposes of this inquiry.  See, e.g., Goodman, 259 F.3d at 1332 (considering and applying the *Rooker-Feldman* doctrine in a case related to a state child custody proceeding).

Here, the Juvenile Court of Gwinnett issued a judgment on September 29, 2014. (Order of Adjudication and Disposition, Dkt. [10-1], Ex. C.)  Plaintiff had thirty days to appeal that judgment to the Georgia Court of Appeals. O.C.G.A. § 5-6-38; In the Interest of A.C.J., 440 S.E.2d 751, 752 (Ga. Ct. App. 1994) (holding that the Georgia Court of Appeals did not have jurisdiction where the notice of appeal from a Juvenile Court of Gwinnett County judgment was not timely filed).  Plaintiff's Complaint was not filed until May 21, 2015 (Dkt. [1]), well after the time to appeal any ruling in the Juvenile Court dependency proceedings had lapsed.  Accordingly, the Court finds that state

12

proceedings ended before the district court proceedings commenced.

The Court next considers whether Plaintiff is a "state-court loser[] complaining of injuries caused by state-court judgments . . . and inviting district court review and rejection of those judgments." Exxon Mobil, 544 U.S. at 284.  The *Rooker-Feldman* doctrine bars federal jurisdiction even where federal claims were not fully addressed by the state court but were "'inextricably intertwined' with the state court's judgment." Casale v. Tillman, 558 F.3d 1258, 1260 (11th Cir. 2009) (quoting Feldman, 460 U.S. at 482 n.16). "A claim is inextricably intertwined if it would effectively nullify the state court judgment, or it succeeds only to the extent that the state court wrongly decided the issues." Id. (internal citations and quotations omitted).  Here, Plaintiff brings his familial association claim under 42 U.S.C. § 1983 and the Court must consider whether his claim is inextricably intertwined with the judgment in the underlying custody action.

Plaintiff complains of an injury arising from the violation of his right to the care, custody, and control of his children.  (Am. Compl., Dkt. [11] ¶ 52A.) Specifically, Plaintiff alleges that false accusations by Defendant led to his arrest, prosecution, and months of incarceration.  (Id. ¶ 53A.)  His incarceration

13

in turn allegedly deprived Plaintiff of the companionship of his children. (Id.) But to succeed on this claim, Plaintiff would have to show that he had a legal right to the companionship of his children. He would have to convince this Court that the Juvenile Court erred when it found that Plaintiff had no custodial rights. Such a holding is beyond this Court's jurisdiction. See, eg., Goodman ex rel. Goodman v. Sipos, 259 F.3d 1327, 1333-34 (11th Cir. 2001) (holding that the *Rooker-Feldman* doctrine deprived the district court of jurisdiction to consider a plaintiff's claim for damages caused by false affadavits that led to the loss of the custody of his child because the claim was inextricably intertwined with a state court proceeding); Staley v. Ledbetter, 837 F.2d 1016, 1017 (11th Cir. 1988) (holding that the *Rooker-Feldman* doctrine deprived the federal courts of jurisdiction over a plaintiff's § 1983 claim in which "[s]he requested reinstatement of parental custody and psychiatric care at state expense for her children and herself"); Liedel v. Juvenile Court of Madison Cty., Ala., 891 F.2d 1542, 1544-46 (11th Cir. 1990) (finding no jurisdiction under the *Rooker-Feldman* doctrine when parents, displeased with a state court's child custody action, sought, in federal court, a temporary restraining order and permanent injunction against a juvenile court to prevent enforcement

AO 72A
(Rev.8/82)

of the juvenile court's orders).

Plaintiff's familial association claim depends on the correctness of the state court's decision as to his right of custody in the underlying custody action. Because state court proceedings ended before Plaintiff filed this action and because the claims raised in the Complaint are inextricably intertwined with the state court judgment, the *Rooker-Feldman* doctrine deprives this Court of jurisdiction over Plaintiff's familial association claim. Accordingly, Defendant's Motion to Dismiss as to the familial association claim is **GRANTED**.

## Conclusion

For the foregoing reasons, Defendant Maria Lopez's Motion to Dismiss [15] is **GRANTED** in part and **DENIED** in part. Counts I and III of the Amended Complaint are **DISMISSED**. The original Motion to Dismiss [7] is **DENIED, as moot**.

**SO ORDERED**, this 9th day of March, 2016.

_____
**RICHARD W. STORY**
United States District Judge