## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| JOHN DANIEL BLUE, | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 1:15-CV-01834-RWS |
| | ) | |
| MARIA DEGUADALUPE  LOPEZ, | ) | |
| a DFCS caseworker, in her individual | ) | |
| capacity, | ) | |
| Defendant. | ) | |

## DEFENDANT'S ANSWER AND DEFENSES

COMES NOW Defendant, Maria Deguadalupe Lopez, by and through counsel, Samuel S. Olens, Attorney General of the State of Georgia, and submits her answer and defenses to Plaintiff's First Amended Complaint ("FAC") as follows:

### First Defense

The FAC fails to state a claim upon which relief can be granted against Defendant.

### Second Defense

Defendant denies that Plaintiff has been subjected to a deprivation of any rights, privileges, or immunities secured by the Constitution or laws of the United States by Defendant.

### Third Defense

Defendant shows that under all of the facts and circumstances, her conduct did not violate any clearly established constitutional right of which a reasonable official would have known, and was likewise objectively reasonable, thereby entitling her to qualified immunity for the remaining claim against her.

### Fourth Defense

To the extent as may be shown by the evidence through discovery, Defendant shows that the matter in question and Plaintiff's damages, if any, were caused by the acts and failures to act of persons or entities other than Defendant.

### Fifth Defense

The damages allegedly suffered by Plaintiff resulted solely from the voluntary and intentional conduct of Plaintiff and not from any conduct by Defendant.

### Sixth Defense

No act or omission of Defendant either proximately caused or contributed to any injury or damages allegedly incurred by Plaintiff, and therefore, Plaintiff has no right of recovery against Defendant.

**Seventh Defense**

Defendant cannot be held liable for any actions involving the Plaintiff in which said Defendant did not directly participate or of which she had no knowledge.

**Eighth Defense**

The Rooker-Feldman doctrine creates a jurisdictional bar against Plaintiff asserting any claim or seeking damages that are inconsistent with the findings the Juvenile Court of the Gwinnett County Judicial Circuit.

**Ninth Defense**

Judicial Estoppel prohibits Plaintiff from taking a position in this Court that is contrary to a position he took in any prior judicial proceeding.

**Tenth Defense**

Defendant reserves the right to raise any other defenses allowed by law at such time as the allegations are more specifically pled.

**Eleventh Defense**

In answer to Plaintiff's FAC, Defendant states as follows:

## ANSWER TO:    INTRODUCTION

### 1.

Defendant admits that Plaintiff brings this action under 42 U.S.C. § 1983 claiming that his prosecution was without probable cause, in alleged violation of the Fourth Amendment.  This Defendant denies that she acted in an unlawful manner.  The remaining allegations contained in this paragraph 1 relate to claims that have been dismissed by this Court, (Doc. 18), and thus require no response.

## ANSWER TO:    JURISDICTION AND VENUE

### 2.

Defendant admits that jurisdiction is proper in this Court.

### 3.

Defendant admits that venue is proper in this Court under 28 U.S.C. § 1391.

### 4.

Defendant admits the allegations contained in paragraph 4.

## ANSWER TO: PARTIES

### 5.

Defendant is without sufficient knowledge or information to admit or deny the allegations contained this paragraph 5.

6.

Defendant admits that she is, and was at all times relevant, a child protective services caseworker employed in the Gwinnett County offices of the Georgia Department of Human Resources, Division of Family and Children's Services, who was acting within the scope of her employment.  Defendant admits that she is being sued in her individual capacity only.   Defendant denies all remaining allegations contained in paragraph 6.

7.

Defendant admits the allegations contained in paragraph 7.

## ANSWER TO:    FACTUAL ALLEGATIONS

8.

Defendant admits that Zstanya Patrick is the mother of "J.B." and "Z.B." who are boys aged 10 and 14 at the time of the alleged incident.  Defendant is without sufficient knowledge or information to admit or deny the remaining allegations contained in paragraph 8.

9.

Defendant admits that on June 12, 2014, Ms. Patrick and her children resided at 618 Bedfort Drive, Duluth, Georgia 30096.  Defendant denies all remaining allegations contained in paragraph 9.

10.

Defendant admits that on June 24, 2014 at around 10:00  a.m., she was speaking to Ms. Patrick at the front door of 618 Bedfort Drive, Duluth, Georgia 30096.  As she was speaking to Ms. Patrick, Plaintiff arrived at the location and entered the apartment.  Defendant is without sufficient knowledge or information to admit or deny the remaining allegations contained in paragraph 10.

11.

Defendant admits that Plaintiff walked past her into the apartment. Defendant denies the remaining allegations contained in paragraph 11.

12.

Defendant admits the allegations contained in paragraph 12.

13.

Defendant is without sufficient knowledge or information to admit or deny whether Ms. Patrick was a drug addict or whether she had recently returned after an absence from home.  Defendant admits that she had a medical catheter, but denies it was visible to Plaintiff.  Defendant denies the remaining allegations contained in paragraph 13.

14.

Defendant admits that police were called to 618 Bedfort Drive, Duluth, Georgia 30096 on several occasions due to reports of domestic violence, and admits that Plaintiff made some of these calls.  Defendant denies the remaining allegations contained in paragraph 14.

14A.

Defendant admits that she contacted the Juvenile Court and requested, and received, emergency Authorizations for Protective Custody for the minor children and further admits that she did not inform Plaintiff of her intention to do so. Defendant denies the remaining allegations contained in paragraph 14A.

15.

Defendant admits that Plaintiff was going in and out of the apartment, but denies that he left the premises at that time.  Defendant is without sufficient knowledge or information to admit or deny the remaining allegations contained in paragraph 15.

16.

Defendant admits that Plaintiff walked out of the apartment with the minor children and went toward his van.  Defendant is without sufficient knowledge or information to admit or deny the remaining allegations contained in paragraph 16.

17.

Defendant admits that Plaintiff refused to stop.   Defendant denies the remaining allegations contained in paragraph 17.

18.

Defendant admits that went to her car and moved it directly behind Plaintiff's van.  Defendant denies the remaining allegations contained in paragraph 18.  Further responding, Defendant states that Plaintiff deliberately drove his van into her car several times.

19.

Defendant admits that she was not physically injured as a result of the impact.  Defendant denies the remaining allegations contained in paragraph 19.

20.

Defendant admits that after Plaintiff struck her car with his van, he exited the van and walked to Plaintiff's vehicle where he proceeded to bang on the door and window, yelled at Defendant to open the door, and pulled and grabbed the door handle violently, causing the vehicle to shake, which prohibited Defendant from identifying herself.  Defendant further admits that there were no markings on her car identifying it as an official vehicle.   Defendant denies the remaining allegations contained in paragraph 20.

8

21.

Defendant admits that Plaintiff was determined to remove the children from the scene.  Defendant denies the remaining allegations in paragraph 21.

22.

Defendant admits that Plaintiff continued to back out of the parking space while Defendant's car was parked behind the van.  Defendant denies the remaining allegations contained in paragraph 22.

23.

Defendant admits that Plaintiff drove away.   Defendant is without knowledge or information to admit or deny the allegations contained in paragraph 23.

24.

Defendant is without knowledge or information to admit or deny the allegations contained in paragraph 24.

25.

Defendant admits that a "Levi's Call" was made by the Georgia Bureau of Investigation in regard to the minor children.  Defendant is without sufficient knowledge or information to admit or deny the remaining allegations contained in paragraph 25.

26.

Upon information and belief, Defendant admits that Plaintiff gave the minor children to his parents in South Carolina and that Plaintiff turned himself into the police.  Defendant is without sufficient knowledge or information to admit or deny the remaining allegations contacted in paragraph 26.

27.

Defendant admits that the Duluth Police Department issued warrants for Plaintiff's arrest and that the GBI issued a Levi's Call for the minor children. Further responding, upon information and belief, Defendant admits that Norcross police contacted the Duluth Police Department.  Defendant denies the remaining allegations contained in paragraph 27.

28.

Defendant admits that warrants were issued charging Plaintiff with interference with custody under O.C.G.A. § 16-5-45(b)(2)(A)(B), aggravated assault under O.C.G.A. § 156-5-21, and reckless conduct under O.C.G.A. § 16-5-60(b).  Defendant denies the remaining allegations contained in paragraph 28.

29.

Defendant denies the allegations contained in paragraph 29.

30.

Defendant denies the allegations contained in paragraph 30.

31.

Defendant denies the allegations contained in paragraph 31.

31A.

Defendant denies the allegations contained in paragraph 31A.

32.

Defendant denies the allegations contained in paragraph 32.

33.

Defendant denies the allegations contained in paragraph 33.

34.

Defendant denies the allegations contained in paragraph 34.

35.

Defendant admits that the District Attorney obtained an indictment against Plaintiff for aggravated assault.   Defendant denies the remaining allegations contained in paragraph 35.

36.

Defendant admits that after his arrest, Plaintiff was detained in the local jail for a period of time, but is without sufficient knowledge or information to admit or

deny the length of time.  Defendant denies the remaining allegations contained in paragraph 36.

37.

Defendant denies that Plaintiff committed no crime.  Defendant is without sufficient knowledge or information to admit or deny the remaining allegations contained in paragraph 37.

38.

Defendant admits that a trial was held in January, 2015, and on January 15, 2015, the jury issued a verdict of not guilty.

**ANSWER TO:    THEORIES FO RECOVERY**

**ANSWER TO:    Count I**
**Fourth Amendment Unreasonable Seizure of Person**

39.

Defendant restates and realleges paragraphs 1 through 38 as her answer to this paragraph 39 as if fully set forth herein.

40.

Defendant denies the allegations contained in paragraph 40.  Further responding, this Count has been dismissed by the Court.

12

41.

Defendant denies the allegations contained in paragraph 41. Further responding, this Count has been dismissed by the Court.

**ANSWER TO:    Count II**
**Fourth Amendment Malicious Prosecution**

42.

Defendant restates and realleges paragraphs 1 through 41 as her answer to this paragraph 42 as if fully set forth herein.

43.

Defendant denies the allegations contained in paragraph 43.

44.

Defendant admits that she was a witness in said prosecution. Defendant denies the remaining allegations contained in paragraph 44.

45.

Defendant denies the allegations contained in paragraph 45.

46.

Defendant denies the allegations contained in paragraph 46.

47.

Defendant denies the allegations contained in paragraph 47.

48.

Defendant denies the allegations contained in paragraph 48.

**ANSWER TO:    Count III**
**Interference with Right of Familial Association Under**
**First and Fourteenth Amendments**

49.

Defendant restates and realleges paragraphs 1 through 48 as her answer to this paragraph 49 as if fully set forth herein.

50.

Defendant denies the allegations contained in paragraph 50.    Further responding, this Count has been dismissed by the Court.

51.

Defendant denies the allegations contained in paragraph 51.    Further responding, this Count has been dismissed by the Court.

52.

Defendant denies the allegations contained in paragraph 52.    Further responding, this Count has been dismissed by the Court.

52A.

The allegations contained in paragraph 52A consist of legal conclusions to which no response is required.  To the extent a response is required, Defendant

denies the allegations contained in paragraph 52A.  Further responding, this Count has been dismissed by the Court.

52B.

The allegations contained in paragraph 52B consist of legal theories to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 52B.  Further responding, this Count has been dismissed by the Court.

53.

Defendant denies the allegations contained in paragraph 53.   Further responding, this Count has been dismissed by the Court.

53A.

The allegations contained in paragraph 53A consist of legal theories to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 53A.  Further responding, this Count has been dismissed by the Court.

**ANSWER TO:    DAMAGES**

54.

Defendant restates and realleges paragraphs 1 through 53 as her answer to this paragraph 54 as if fully set forth herein.

55.

Defendant denies the allegations contained in paragraph 55.

56.

Defendant denies the allegations contained in paragraph 56.

57.

Defendant denies the allegations contained in paragraph 57.

58.

As to the unnumbered paragraph beginning with "WHEREFORE," Defendant denies that Plaintiff is entitled to any remedy, relief, damages, fees or costs in this action.

59.

All other factual averments, legal conclusions or claims for relief not expressly admitted are denied.

WHEREFORE, having answered Plaintiff's FAC, and stated defenses and objections, Defendant respectfully requests Plaintiff's claims be dismissed, Plaintiff's prayers for relief be denied in each and every particular with all costs cast upon Plaintiff, and for such other relief as this Court may deem just and proper.

16

Defendant requests a jury trial on all appropriate issues.


Respectfully submitted, this 28th day of March, 2016.

| SAMUEL S. OLENS | 551540 | DEVON ORLAND | 554301 |
|---|---|---|---|
| Attorney General | | Sr. Assistant Attorney General | |

| KATHLEEN PACIOUS | 558555 | s/ Michelle J. Hirsch | 357198 |
|---|---|---|---|
| Deputy Attorney General | | MICHELLE J. HIRSCH | |
| | | Assistant Attorney General | |


ADDRESS COMMUNICATIONS TO:
Michelle J. Hirsch
Assistant Attorney General
40 Capitol Square, S.W.
Atlanta, GA  30334
Tel: (404) 463-8850
Fax: (404) 651-5304
Email: mhirsch@law.ga.gov

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing has been prepared in compliance with Local Rule 5.1(B) in 14-point New Times Roman type face.

This the 28th day of March, 2016.

/s/ Michelle J. Hirsch
MICHELLE J. HIRSCH 357198
Assistant Attorney General

40 Capitol Square, S.W.
Atlanta, GA 30334-1300
(404) 463-8850 (Telephone)
(404) 651-5304 (Fax)
Email:  mhirsch@law.ga.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 28, 2016 I electronically filed the foregoing

**DEFENDANT'S ANSWER AND DEFENSES** with the Clerk of Court using the

CM/ECF system which will automatically send email notification of such filing to

the all CM/ECF participants of record, including:

Craig T. Jones
The Orlando Firm, P.C.
Decatur Court, Suite 400
315 W. Ponce de Leon Avenue
Decatur, GA  30330


 s/ Michelle J. Hirsch_____
Georgia Bar No. 357198
Assistant Attorney General
Attorney for Defendant

40 Capitol Square, S.W.
Atlanta, GA  30334
Tel: (404) 463-8850
Fax: (404) 651-5304
Email: mhirsch@law.ga.gov